CLARENCE C. CAMPION AND ANOTHER v.
COUNTY OF HENNEPIN.

221 N. W. 2d 549.

August 23, 1974—No. 44304.

*Gary W. Flakne,* County Attorney, and *David E. Culbert,* Assistant County Attorney, for appellant.

*Vesely, Otto, Miller & Keefe* and *John B. Keefe,* for respondents.

MacLaughlin, Justice.

This case was heard on appeal at the same time as Elwell v. County of Hennepin, 301 Minn. 63, 221 N. W. 2d 538 (1974); Kelley v. County of Hennepin, 301 Minn. 80, 221 N. W. 2d 550 (1974); and Schmidt v. County of Hennepin, 301 Minn. 84, 221 N. W. 2d 553 (1974), which were consolidated for purposes of appeal. The issues are the constitutionality of Minn. St. 273.111, commonly referred to as the green acres statute, and the construction of certain of its provisions.

In 1970, respondent Clarence C. Campion made timely application for green acres valuation of certain real estate owned by him and his wife, respondent Mary C. Campion, in Brooklyn Park, Hennepin County, for real estate taxes payable thereon in 1971. The application was approved by the Hennepin County assessor. However, in 1971, the assessor denied green acres status for taxes payable in 1972 and reconsidered the 1970 assessment so that the property was valued for that year in the same manner as if the green acres status had been originally denied. Respondents also applied for green acres status in 1972 for taxes payable in 1973, which was denied. Respondents then commenced proceedings in Hennepin County District Court to contest the denial. The district court, sitting without a jury, found that respondents' property was eligible for valuation under the statute for taxes payable in 1971, 1972, and 1973, but inadvertently also held that respondents were entitled to green acres status for taxes payable in 1970. No application had been filed by respondents in 1969 for the taxes payable in 1970.

It appears that all, or substantially all, of the income to respondents from the property is in the form of cash rental from a lessee who farms the property. In addition to contesting the statute's constitutionality, appellant, County of Hennepin, claims that "production income" from agricultural real property, as

required under § 273.111, subd. 6, may not consist solely of cash rental paid to the owner by a lessee and that the owner must actively engage in agricultural pursuits on the property to qualify for green acres benefits. All of these issues have been decided in respondents' favor in Elwell v. County of Hennepin, *supra.*

Since the real estate complies in all respects with the requirements of the statute, we affirm the decision of the trial court that respondents' real property was eligible for classification under the green acres statute for the 1970, 1971, and 1972 assessments for taxes payable in 1971, 1972, and 1973. We reverse the determination that the property was eligible for such benefits for the 1969 assessment for taxes payable in 1970.

Affirmed in part and reversed in part.

MR. JUSTICE TODD and MR. JUSTICE SCOTT took no part in the consideration or decision of this case.