THERESA M. SCHMIDT v. COUNTY OF HENNEPIN.

221 N. W. 2d 553.

August 23, 1974—No. 44307.

*Gary W. Flakne,* County Attorney, and *David E. Culbert,* Assistant County Attorney, for appellant.

*Faegre & Benson* and *Frank B. Butler,* for respondent.

MACLAUGHLIN, JUSTICE.

This case was heard on appeal at the same time as Elwell v. County of Hennepin, 301 Minn. 63, 221 N. W. 2d 538 (1974); Kelley v. County of Hennepin, 301 Minn. 80, 221 N. W. 2d 550 (1974); and Campion v. County of Hennepin, 301 Minn. 89, 221 N. W. 2d 549 (1974), which were consolidated for purposes of appeal. The issues are the constitutionality of Minn. St. 273.111, commonly referred to as the green acres statute, and the construction of certain of its provisions. In Elwell, we upheld the constitutionality of the statute; and in Elwell and Kelley, we interpreted certain sections of the statute. In this case, other questions are raised which require our consideration and decision.

Respondent, Theresa M. Schmidt, made application on May 1, 1971, for green acres valuation of two tracts of real property located in Brooklyn Park, Hennepin County, for the real estate taxes payable thereon in 1972. The property is owned by respondent in joint tenancy with her son and daughter, and she has lived on the property for over 50 years. The application was subsequently approved by the Hennepin County assessor. Re-

spondent did not file another application before May 1, 1972, for the taxes payable in 1973. On September 15, 1972, the Brooklyn Park assessor notified respondent by letter that her property had been removed from green acres status and informed her:

"If you have not sold your property, it would be advisable for you to check with the County as to continuing on the Green Acres basis because of the real estate tax and special assessment advantages you now enjoy. The application for renewal must be made to the County, although our office can furnish the application form in the event you have misplaced the ones that were sent to you from the County.

"We advise you to take care of this matter at once in order to assure that your Green Acres status may be renewed without difficulty."

Respondent then telephoned the Hennepin County assessor's office and was told to submit an application promptly. Shortly thereafter, in a letter dated September 20, 1972, the Hennepin County assessor notified respondent that her property was being removed from green acres classification and that "[t]his action is being taken because your application was not received." On September 21, 1972, respondent submitted an application for green acres valuation for real estate taxes payable in 1973. On October 3, 1972, the Hennepin County assessor wrote respondent to inform her that the application had been disapproved because "[c]ash rent from farm land does not meet the requirements for 'Green Acres' classification." No mention was made in the October 3 letter of respondent's alleged late filing.

■ Appellant, County of Hennepin, claims that respondent did not make a timely application for renewal of green acres benefits for taxes payable in 1973, and that the September 1972 application should be denied on that basis. Section 273.111, subd. 8, reads as follows:

"Application for deferment of taxes and assessment under this section shall be filed in the year 1969 by July 1 and thereafter

by May 1 of the year prior to the year in which said taxes became payable. Any application filed hereunder and granted shall continue in effect for subsequent years until the property no longer qualifies. Such application shall be filed with the assessor of the taxing district in which the real property is located on such form as may be prescribed by the commissioner of taxation. The assessor may require proof by affidavit or otherwise that the property qualifies under subdivisions 3 and 6."

The statute clearly provides that only a single application need be filed which, if approved, continues in effect for subsequent years until the property no longer qualifies. It further provides that the assessor may require proof that the property continues to qualify. It does not require that applications for subsequent years be filed by May 1 of each year, as contended by appellant.[1] The language regarding May 1 refers to the date before which an initial application for green acres classification must be filed for any year other than 1969. For the year 1969, the application could be filed at any time up to July 1. It is obvious from the letter sent to respondent by the Brooklyn Park assessor,

_____

[1] On June 10, 1971, the Hennepin County assessor, in a form letter, notified respondent that her application for green acres classification filed earlier that year had been approved. The letter also informed respondent, after referring to the green acres statute, Minn. St. 273.111, that "[a]s stated in Subdivision 8, please be reminded that you must re-file prior to May 1 of all future years in order to retain the classification on your property. Since this law requires that you respond by filing without notice from your assessor, it is our suggestion that you make a serious effort to be familiar with all provisions which may affect you in the future." The notice to respondent that she was required by the statute to refile each year prior to May 1 is clearly in error and contradicts the plain language of the statute. As stated therein, the application, once granted, continues in effect in subsequent years so long as the property qualifies under the statute. The assessor may require proof of continued qualification by affidavit or otherwise, including the use of the original application form, after establishing a definite policy pertaining to such requirement of proof, and upon proper notice to applicants.

and from the information given respondent over the telephone by the Hennepin County assessor's office, that no clear policy had been established by Hennepin County requiring submission of proof that real property, once approved, continued to qualify for green acres benefits. Further support for this conclusion may be found in the failure of Hennepin County to mention the alleged late filing as a reason for denying the September 21, 1972, application. Rather, the sole reason given was that cash rent from farmland did not meet the requirements for green acres classification.

We hold, under all of these circumstances, that respondent is not ineligible for green acres benefits for the taxes payable in 1973, because of her failure to refile an application prior to May 1, 1972. The statute does not require such refiling, and the Hennepin County assessor had not adopted, or communicated to respondent, a specific policy requiring proof of continuing qualification as provided by the statute.

■ Appellant also contends that the income received by respondent from the property was not in a sufficient amount to meet the statutory requirements.[2] We adopt the position of the trial court that this issue was not raised or contested by appellant at trial and that, in fact, appellant conceded at trial that the only issue regarding respondent's income was that it came to her in the form of cash rental from the land, which appellant claimed did not qualify under the statute. Therefore, we decline to discuss and decide this issue and hold that it is not properly before us.

The other issues in the case, namely, whether "total production income" (as defined in § 273.111, subd. 6) may be comprised solely of cash rental, and whether real estate owned by more than one owner may qualify for green acres benefits even if all the

---

[2] Section 273.111, subd. 6, provides in part as follows: "Real property shall be considered to be in agricultural use provided that annually: (1) at least 33 1/3 percent of the total family income of the owner is derived therefrom, or the total production income including rental from the property is $300 plus $10 per tillable acre * * *."

owners are not actively engaged in agricultural pursuits on the property, were decided in respondent's favor in the Elwell decision.

Since the real estate complies in all respects with the requirements of the statute, we affirm the decision of the trial court that respondent's property was eligible for classification under the green acres statute for both the 1971 and 1972 assessments for taxes payable in 1972 and 1973.

Affirmed.

MR. JUSTICE TODD and MR. JUSTICE SCOTT took no part in the sideration or decision of this case.