JAMES E. KELLEY v. COUNTY OF HENNEPIN.

221 N. W. 2d 550.

August 23, 1974—No. 44305.

*Gary W. Flakne,* County Attorney, and *David E. Culbert,* Assistant County Attorney, for appellant.

*William R. Busch,* for respondent.

MacLaughlin, Justice.

This case was heard on appeal at the same time as Elwell v. County of Hennepin, 301 Minn. 63, 221 N. W. 2d 538 (1974); Schmidt v. County of Hennepin, 301 Minn. 84, 221 N. W. 2d 553 (1974); and Campion v. County of Hennepin, 301 Minn. 89, 221 N. W. 2d 549 (1974), which were consolidated for purposes of appeal. The issues are the constitutionality of Minn. St. 273.111, commonly referred to as the green acres statute, and the construction of certain of its provisions. In Elwell v. County of Hennepin, *supra,* we upheld the constitutionality of the statute and interpreted those parts of the statute necessary for the decision in that case. Because additional sections of the statute are in issue in this case, it is necessary to recite the facts for a determination of those new issues.

Respondent, James E. Kelley, made application on April 27, 1972, for green acres valuation of 10 tracts of land in Bloomington, Hennepin County, with respect to real estate taxes payable in 1973. The Bloomington city assessor denied the application, and respondent commenced a proceeding in Hennepin County District Court to contest the denial. The district court, sitting without a jury, found that respondent's property was eligible for valuation under the statute for the taxes payable in 1973. Judgment was entered, and Hennepin County has appealed from the judgment. We affirm.

The land consists of approximately 904 acres, of which 142 acres were used as tillable land during the year preceding the application. For a period of over 37 years prior to the application, respondent has maintained his homestead on farmland immediately adjacent to the land in question. From the time each of the land parcels was acquired by respondent, it was actively devoted by him to agricultural uses. Throughout this time each

of the parcels was under the control of respondent, either in his position as the fee owner or as the principal director, officer, or stockholder of the Kelley family corporation which owned a portion of the land from November 1962 to June 1965, or as the sole trustee of the Cynthia Kelley O'Neill Trust. As of January 2, 1972, title to all of the land was in the name of James E. Kelley, as Trustee for the Cynthia Kelley O'Neill Trust No. 1. Title to one of the tracts had been acquired by respondent as trustee in September 1964, and title to the remainder of the land was acquired by respondent as trustee from the Kelmar Corporation, a Kelley family corporation, in June 1965. Because of his advancing age, respondent discontinued his direct farming operations on the land a few years prior to 1971. Thus, for the year 1971, the income from the tillable portion of the subject land, all of which was devoted entirely to agricultural usage, was in the form of cash rental.

In Elwell, we not only decided the constitutional issue but also held that "production income" from agricultural real property, as required under § 273.111, subd. 6, may consist entirely of cash rental paid to the owner by a lessee for the agricultural use of the land. Those issues need not again be considered in this opinion. The additional issues raised in this case are (1) whether property held by an individual trustee in trust for a third person can qualify for green acres valuation, and (2) whether the land in question complies with the ownership requirements of § 273.111, subd. 3.

■ Appellant argues that there can be no qualification under the statute where title to the property is held by a trustee in trust for a third party. It contends that the intent of the statute is to benefit a homesteading farmer who actively pursues his agricultural operations, and that this intent is better reflected by a limited construction of ownership. Appellant relies principally upon the language of § 273.111, subd. 3, which provides in part:

"Real estate consisting of ten acres or more shall be entitled to valuation and tax deferment under this section only if it is ac-

tively and exclusively devoted to agricultural use as defined in subdivision 6 and either (1) is the homestead or thereafter becomes the homestead of a surviving spouse, child, or sibling of the said owner or is real estate which is farmed with the real estate which contains the homestead property, or (2) has been in possession of the applicant, his spouse, parent, or sibling, or any combination thereof, for a period of at least seven years prior to application for benefits under the provisions of Laws 1969, Chapter 1039 * * *."

In Elwell, we concluded that the legislature did not intend that the owner must actively farm the land. We further determined that the benefit to the land under green acres classification is based principally upon the agricultural use of the land. Nothing contained in subd. 3, or in other subdivisions of the statute, convinces us that land is ineligible for green acres benefits merely because the legal title is held by an individual trustee for a third person, assuming that the land is devoted to agricultural uses and otherwise complies with the provisions of the statute. Therefore, we hold that real estate held by an individual trustee may qualify for benefits under the statute.

■ Appellant asserts that the land, with the exception of the tract acquired by respondent in September 1964, is not eligible for benefits because it has not "been in possession of the applicant, his spouse, parent, or sibling, or any combination thereof, for a period of at least seven years prior to application for benefits * * *." § 273.111, subd. 3. Appellant points out that, again with the exception of one tract, the land was held by a corporation until June 1965, and the application by the trustee for green acres treatment was dated April 25, 1972, so that the land was not in the possession of the trustee for the required 7-year period. However, appellant overlooks that part of subd. 3 providing that "[r]eal estate * * * shall be entitled to valuation * * * under this section only if it is actively and exclusively devoted to agricultural use * * * and either (1) is the homestead or thereafter becomes the homestead of a surviving spouse, child, or sibling of

the said owner *or is real estate which is farmed with the real estate which contains the homestead property* \* \* \*." (Italics supplied.)

The record discloses that all of the land in question is contiguous to the farmland on which respondent's homestead has been located for many years. Therefore, in spite of the fact that part of the property has not been held in respondent's name for the full 7-year period, the land qualifies for green acres treatment because it is "real estate which is farmed with the real estate which contains the homestead property."

Because the real estate complies in all other respects with the requirements of the statute, we affirm the decision of the district court.

Affirmed.

MR. JUSTICE TODD and MR. JUSTICE SCOTT took no part in the consideration or decision of this case.